# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| **LABRINA BARBER**, on behalf of herself and others similarly situated, ) ) ) | Case No. 1:23-cv-00208-JRS-MJD |
| ) | Judge James R. Sweeney |
| Plaintiff, ) ) | |
| ) | Magistrate Judge Mark J. Dinsmore |
| vs. ) | |
| ) | **ORDER GRANTING JOINT MOTION** |
| **PARK 100 FOODS INC.**, ) | **FOR APPROVAL OF FLSA** |
| ) | **SETTLEMENT AND DISMISSAL** |
| Defendant. ) | **WITH PREJUDICE** |
| ) | |

Plaintiff Labrina Barber ("Plaintiff"), on behalf of herself and the Opt-In Plaintiffs (the "Collective"), and Park 100 Foods Inc. ("Defendant"), have moved the Court, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), for approval of the Settlement Agreement and Release ("Agreement") reached by the Parties. Having reviewed the Agreement, as well as the Parties' Joint Motion for Approval, the Declaration appended thereto, and the pleadings and papers on file in this Action, and for good cause established therein, the Court hereby enters this Order granting approval of the Parties' Agreement as follows:

    1.    Unless otherwise defined, all terms used in this Order have the same meanings as defined in the Agreement.

    2.    Plaintiff filed this case as a collective action on February 2, 2023, alleging that Defendant violated the FLSA by failing to compensate properly Defendant's food production employees for time spent engaging in pre-shift and post-shift work. Defendant filed its Answer on March 29, 2023, in which it denied Plaintiff's material allegations, and denied that it violated the FLSA. Defendant continues to deny any liability to Plaintiff or the putative collective.

3. In its Answer to Representative Plaintiff's Complaint, Defendant denied that it had failed to compensate its employees for all hours worked, denied all alleged violations of law, and asserted affirmative defenses to same.

4. On April 28, 2023, Plaintiff moved the Court for conditional certification of a collective action and for Court-supervised notice to members of the collective. The Court granted the Motion on May 31, 2023, and conditionally certified a collective defined as:

> All current and former hourly production employees of Park 100 Foods Inc.'s Tipton, Indiana facility who were involved in the manufacturing, packaging, or handling of food or food products, who donned and doffed smocks and hairnets as a regular part of their jobs, and who worked 40 or more hours in a workweek at any time from three (3) years preceding [May 31, 2023] through the final disposition of this matter.

5. Notice was sent to members of the putative collective on or about June 29, 2023. A total of 74 members of the conditionally-certified collective joined this case.

6. The Parties engaged in arms-length settlement negotiations. The settlement negotiations culminated in a proposed agreement to settle the case for the Collective.

7. The Court finds that members of the Collective are similarly situated within the meaning of the FLSA, and that final certification of the Collective for purposes of settlement only is warranted.

8. The Court finds that the settlement reached in this case was the result of contentious arm's length negotiations, which were undertaken in good faith by counsel for the Parties.

9. The Court finds that serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.

10. The Court finds that the Agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.

11. The Court approves the Agreement and orders that it be implemented according to its terms and conditions.

12. The Court approves the Service Award to Plaintiff, and orders that such payment be made in the manner, and upon the terms and conditions, set forth in the Agreement.

13. The Court approves the payment of attorneys' fees and costs as provided in the Agreement, and orders that such payments be made in the manner, and upon the terms and conditions set forth in the Agreement.

14. The Court approves of the release of claims by Plaintiff and all members of the Collective, including the release of claims under the FLSA, as provided in the Agreement, and orders that such release will be effective upon the terms and conditions set forth in the Agreement.

15. The Court dismisses this action with prejudice. The Parties are to bear their respective attorneys' fees and costs except as provided in the Agreement. There being no just reason to delay entry of this Final Order, the Court orders the Clerk of the Court to enter this Final Order immediately, along with Entry of Judgment thereon.

IT IS SO ORDERED.

Date: 12/1/2023

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution to all counsel of record via CM/ECF.